Scranton Traction Company, Appellant, v. Schlichter.

*Partnership—Evidence—Action—Parties.*

In an action upon a policy of insurance against several individuals as " copartners, lately trading as the Guarantors of Pennsylvania, U. S. A.," a nonsuit is properly entered where it appears that the policy was signed by the general managers of the association, and not by the individual

members of it, and there is nothing in the evidence to show that the defendants were members of the partnership designated, or any other partnership limited or general, or that there was any business relations whatever between the defendants. In such a case the fact that the names of the officers are printed on the back of the policy does not establish even the official relations of the parties to the association; much less does it show that they were interested as individuals or partners in the association.

*Practice—Assignments of error—Nonsuit.*

Where the only error assigned is the refusal to take off a nonsuit, the Supreme Court will not consider rulings of the court below, excluding testimony offered by the plaintiff and not assigned for error.

Argued Jan. 17, 1902. Appeal, No. 259, Jan. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 1437, refusing to take off nonsuit in case of Scranton Traction Company v. Isaac Schlichter, C. William Bergner, Thomas V. Cooper, John L. Wilson, A. Anderson, Frank Bower, Isaac Cooper, George V. Cresson, Jared Darlington, Harrington Fitzgerald, Lewis Emery, Jr., Charles A. Furbush, H. R. Kern, P. D. Keyser, Richard F. Loper, Edward J. Moore, H. G. Michener, H. C. Ellis, Charles A. Porter, John B. Rhodes, Maurice A. Rogers, Edward H. Rowley, B. A. Van Schaick, John W. Woodside, C. H. Warthman and Carlton M. Williams, copartners, lately trading as the Guarantors of Pennsylvania, U. S. A. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a policy of insurance. Before AUDENRIED, J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Joseph S. Clark,* for appellant.

*Richard C. Dale,* with him *John Weaver,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 3, 1902:

This is an action of assumpsit for the breach of an indemnity insurance contract. The action was brought against twenty-five individuals as " copartners lately trading as the Guarantors of Pennsylvania, U. S. A." Six of the defendants were served, and the sheriff returned nihil habent as to the others. Pleas

were entered for those who were served, and an affidavit denying the partnership was filed.

On the trial of the cause the plaintiff put in evidence the policy of insurance issued by the Guarantors of Pennsylvania, U. S. A., dated December 29, 1893, and signed by Loper & Doughten, "General Managers," and countersigned by the same parties as "Authorized and Commissioned Agent." This contract indemnified the plaintiff against liability for injury to or death of persons by reason of casualty occurring in, about or by reason of the plaintiff's street railroad, during a period of one year from December 30, 1893. The indemnity provided in the policy was, as stated therein, "subject, however, to all agreements and conditions herein and hereon and contained in or upon the form or forms annexed or attached hereto and accepted by the assured as party to this contract." There is indorsed on the back of the policy a limited liability clause which provides that "this indemnity contract is made by the subscribers to the agreement under which the Guarantors of Pennsylvania, U. S. A., is organized and their successors, and in accordance with the terms and conditions of that agreement," section four of which exonerates the members of the association from personal responsibility on the policy and limits the right of the assured to the warranty fund and the reserve fund specified in the contract of insurance. The names of the officers of the association with the names of the business houses with which they are connected are printed on the back of the policy but not in connection with the limited liability clause, or as any part of the policy or of anything indorsed thereon.

By exemplifications of record in evidence, it appears that in July and August, 1894, Henry H. Burschell and Patrick Kennedy were injured by the negligence of the plaintiff company's employees for which they recovered judgment in the court of common pleas of Lackawanna county against the plaintiff. This action was brought on the policy in evidence to recover the amount paid by plaintiff to Burschell and Kennedy on these judgments.

At the conclusion of the plaintiff's testimony the learned trial judge, on motion of defendant's counsel, granted a nonsuit. Subsequently the court refused to take off the nonsuit, and this action of the court below is the only error assigned.

The contention of the plaintiff on this appeal embraces the following propositions : (1) the limited liability clause indorsed on the back of the policy is not a part of the contract of insurance ; (2) if that clause is read into the policy, then the clause is inoperative as a limitation upon the individual liability of the defendants, and (3) conceding the policy to be one of limited liability, the violation of the terms of the limitation renders the members of the Guarantors of Pennsylvania liable as partners.

To sustain the nonsuit, we need not determine the soundness of these propositions nor the merits of the plaintiff's case. The defendants are sued as members of a general copartnership. We have stated the evidence so far as it shows any connection of the defendants with the Guarantors of Pennsylvania, and has any relevancy towards establishing a partnership between the persons named as defendants. It does not show that the defendants were members of a partnership trading as the Guarantors of Pennsylvania, U. S. A., or as members of any other partnership, limited or general. There is no testimony that discloses any business relations whatever between the defendants in this action. The policy is signed by the general managers of the association and not by the individual members of it. Who compose the Guarantors of Pennsylvania is not disclosed by the contract of insurance nor by the evidence in the case. The fact that the names of the officers are printed on the back of the policy would not establish even the official relations of the parties to the association ; much less would it show that they were interested as individuals or partners in the association. It appears that the association was organized by an agreement in writing to which the parties in interest subscribed their names. These articles of association would show the parties who associated themselves in the indemnity insurance business as the Guarantors of Pennsylvania who issued the policy in suit to the plaintiff. The agreement was not in evidence nor was there any parol testimony disclosing the names subscribed thereto.

Plaintiff company having failed to connect the defendants with a copartnership which issued this policy, the latter were relieved from liability in this action, and the nonsuit was properly granted. On the trial, the counsel for plaintiff made some offers of evidence which were material to his case, but which

were excluded and exceptions noted. From his argument he seems to think that those rulings of the court below are before us for review. They are not assigned for error and of course we cannot consider them. The only assignment on this record alleges error in refusing to take off the nonsuit and, under the evidence which the learned judge admitted, we do not think it is sustained.

The judgment is affirmed.